[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs' decedent was killed when the car driven by Karl Kornbrekke, in which plaintiffs' decedent was a passenger, crashed. Allstate insured the Kornbrekke vehicle and paid the CT Page 8402 estate $100,000, the policy liability limit. Plaintiffs now bring an action against Allstate to collect uninsured motorist benefits under the same policy. There are no material facts in dispute and each party has filed a motion for summary judgment with supporting affidavits and documents.
Defendant claims that no benefits accrue to plaintiffs because the specific policy language, authorized by state regulations, provides for an exclusion of benefits in these circumstances. The plaintiffs argue that the policy language is an impermissible exclusion that is not authorized by regulations, and that if the regulation at issue does authorize such exclusion then it is invalid.
The policy provides that defendant will not pay damages to an insured person, which includes passengers in the covered auto, who sustains injury while in "an uninsured motor vehicle which is owned by you or a resident relative." Thus, even if the Kornbrekke vehicle were considered uninsured, plaintiffs could not recover under the policy because plaintiffs' decedent was killed while in a vehicle owned by the Kornbrekkes.
This policy language is specifically authorized by Conn. Dept. Reg. 38-175a-6(c)(2). This section provides that the "insurer's obligations to pay [uninsured benefits] may be made inapplicable if the uninsured motor vehicle is owned by the named insured or any relative who is a resident of the same household." This regulation, by its plain language, expressly allows the provision in defendant's policy.[1] Therefore, plaintiffs can only prevail by demonstrating that the regulation is invalid. Plaintiffs argue that this regulation provides less coverage than General Statutes 38-336(a) and is accordingly invalid.
"[A]n administrative agency's regulations are presumed valid and, unless they are shown to be inconsistent with the authorizing statute, they have the force and effect of a statute. A person claiming the invalidity of a regulation has the burden of proving that it is inconsistent with or beyond the legislative grant. The insurance commissioner has a `very broad grant of regulatory authority' in filling in the interstices of the uninsured and underinsured motorist coverage legislation, and in doing so his regulation is entitled to `great deference'." Travelers Ins. Co. v. Kulla, 216 Conn. 390, 399 (1990) (citations omitted). "Not only is the commissioner obligated to adopt regulations with respect to the premium provisions to be included in the policy of insurance issued in this state; General Statutes 38a-334; we presume that these regulations are `an accurate reflection of the legislative intent articulated in the statute's more general language.'" General Accident Ins. Co. v. Wheeler, 221 Conn. 206,211 (1992) (citation omitted). CT Page 8403
The court was faced with a similar situation in Wilson v. Security Ins. Co., 213 Conn. 532 (1990). Plaintiff in that case argued that regulation 38-175a-6(d) was invalid because it provided less coverage than General Statutes 38-175c (now38a-336). The court noted that 38a-336 "merely requires that a certain minimum level of protection be provided for those insured under automobile liability insurance policies; the insurance commissioner has been left with the task of defining those terms and conditions which will suffice to satisfy the requirement of `protection.'" Id., 538 (citation omitted). Similarly, in another case discussing the validity of a regulation, the court stated that 38a-336 "does not specifically prohibit the adoption of a regulation permitting the reduction of uninsured motorist coverage, whereas [38a-334] explicitly authorizes the commission [sic] to adopt regulations relating `to the insuring agreements, exclusions, conditions and other terms applicable to. . . uninsured motorists coverage.'" Roy v. Centennial Ins Co., 171 Conn. 463,473 (1976).
In both cases the court found that the regulation adopted by the commissioner was valid, and this court is unpersuaded that it should find differently. Additionally, the court in Shelby Ins. Co. v. Smulski, 3 CTLR 475 (April 22, 1991, O'Neill, J.) was faced with the identical situation as presented in the instant case. The court there held that the regulation was valid and thus the similar policy language excluded coverage. Id., 476. See also Government Employees Ins. Co. v. Donato, 2 CTLR 837 (October 25, 1990, Fracasse, J.). Accordingly, as the plain language of the policy authorized by regulation 38-175a-6(c)(2), precludes coverage in this situation, defendant's motion for summary judgment is granted and plaintiff's cross motion is denied.[2]
So ordered.
Langenbach, J.